IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATALIA CHIC ORTIZ,

    Petitioner,

v.                                                             2:25-cv-01307-KG-GJF

KRISTI NOEM, et al.,

    Respondents.

## **TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Natalia Chic Ortiz's Motion for a Temporary Restraining Order ("TRO"). *See* Doc. 4. The Court held a hearing on the motion on January 5, 2026. As of the date of the order, the Government has not filed a written answer but did appear at the hearing. For the reasons below, the Court grants the motion and issues a TRO requiring the Government to release Ms. Chic Ortiz immediately.

*I.    Background*

Ms. Chic Ortiz, a 36-year-old Guatemalan citizen, entered the United States without inspection in 2010. *Id.* at 2, 4. She lives in Oklahoma and has no criminal history. *Id.* at 5. Ms. Chic Ortiz is married and has three children, including two minor children who are United States citizens and depend on her for daily care. *Id.* She has maintained lawful employment and owns a home in Oklahoma. *Id.*

On or about November 27, Ms. Chic Ortiz was detained by Immigration and Customs Enforcement (ICE) officers after she fully complied with an identification inquiry conducted by the Oklahoma Department of Public Safety. *Id.* at 4. The Department of Public Safety had previously notified Ms. Chic Ortiz, in writing, that additional documentation was needed to

1

complete her state identification card application.  *Id.*  Ms. Chic Ortiz promptly appeared and cooperated with the authorities and was permitted to leave.  *Id.*  Shortly thereafter, ICE officers stopped Ms. Chic Ortiz while she was driving with her niece and arrested her without presenting a warrant or explaining the legal basis for the detention.  *Id.*  Ms. Chic Ortiz is being detained at the Otero County Processing Center in New Mexico.  *Id.* at 1.

Ms. Chic Ortiz claims her detention is governed by 8 U.S.C. § 1226(a) and that she is therefore entitled to an individualized bond hearing.  Doc. 4 at 5.  Because she is suffering irreparable harm, she seeks immediate release pending an individualized bond hearing before a neutral immigration judge.  *Id.*

II.     Standard of Review

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992).  The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019).  A petitioner seeking a TRO "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  "[A]ll four of the equitable factors weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018).  "[R]egardless of whether or not notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

*III.    Analysis*

For the reasons below, the Court concludes that (A) Ms. Chic Ortiz is likely to succeed on the merits of her petition, (B) she will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

    *A.    Ms. Chic Ortiz is likely to succeed on the merits of her petition.*

Ms. Chic Ortiz is likely to succeed on her claim that her detention is governed by 8 U.S.C. § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A).  The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted."  In that circumstance, the statute provides that the noncitizen "shall be detained" during removal proceedings.  § 1225(b)(2)(A).  "The provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).

By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." § 1226(a).  "Under federal regulations, noncitizens detained under the second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.  "Noncitizens who entered the country years earlier are not considered to be 'seeking admission,' and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)."  *Id.* at *3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 consistent district-court decisions nationwide).

Here, Ms. Chic Ortiz entered the United States in 2010 and was arrested inside the United States. Doc. 1 at 4–5. Because Ms. Chic Ortiz had already affected an entry and was not seeking admission at the time of her arrest, § 1226(a) governs her detention. Ms. Chic Ortiz has therefore demonstrated a strong likelihood of success on her petition.

      B.     *Ms. Chic Ortiz will face irreparable harm without injunctive relief.*

Ms. Chic Ortiz also proved that her detention caused irreparable harm, as "infringement of a constitutional right" is per se irreparable harm. *Free the Nipple*, 916 F.3d at 805.

      C.     *The equities and public interest favor relief.*

Any burden on the Government to release Ms. Chic Ortiz from custody and hold a pre-deprivation hearing is minimal compared to the harm that Ms. Chic Ortiz is suffering in detention. "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4 (same). The public interest also weighs in Ms. Chic Ortiz's favor; it is "not in the public's interest to allow unexplained detention." *Domingo*, 2025 WL 2941217, at *4.

IV.    Conclusion

Ms. Chic Ortiz has satisfied the procedural requirements for issuance of a temporary restraining order. The Government appeared through counsel and was heard. The Government therefore received sufficient notice of Ms. Chic Ortiz's motion. *See* Fed. R. Civ. P. 64 (b) (1) ("[W]ritten or oral notice" suffices to provide "the adverse party" notice of a TRO). The status quo ante is the position Ms. Chic Ortiz occupied prior to her redetention by ICE, and the Order restores and preserves that posture pending further proceedings.

IT IS THEREFORE ORDERED that:

1. Ms. Chic Ortiz's TRO motion (Doc. 4) is GRANTED.

2. The Government is ORDERED to release Ms. Chic Ortiz within 24 hours of this Order. Upon release, the Government may not subject Ms. Chic Ortiz to post-release monitoring or supervision not in place before her redetention.

3. The Government is restrained from redetaining Ms. Chic Ortiz unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Ms. Chic Ortiz is a danger or flight risk.

4. A response from the Government on the merits of the habeas petition is due seven (7) days from the date of this Order. Ms. Chic Ortiz may file a reply within seven (7) days thereafter.

5. The Order shall remain in effect for 28 days for good cause shown. *See* Fed. R. Civ. P. 65(b)(2).

6. Given the important constitutional rights at stake for Ms. Chic Ortiz, the Court finds that no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (providing district courts with "wide discretion under Rule 65(c)" to determine "whether to require security").

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.