IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATALIA CHIC ORTIZ,

    Petitioner,

v.                                                            2:25-cv-01307-KG-GJF

KRISTI NOEM, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Natalia Chic Ortiz's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 9. Following a hearing, the Court issued a Temporary Restraining Order ("TRO") directing the Government to release Ms. Chic Ortiz. *See* Doc. 4. The Court acknowledges that Ms. Chic Ortiz has not filed a reply—she may submit any objections to this Order. For the reasons below, the Court grants her petition.

## I.    *Background*

Ms. Chic Ortiz, a 36-year-old Guatemalan citizen, entered the United States without inspection in 2010. *Id.* at 2, 4. She lives in Oklahoma and has no criminal history. *Id.* at 5. She is married and has three children, including two minor children who are United States citizens and depend on her for daily care. *Id.* She has maintained lawful employment and owns a home in Oklahoma. *Id.*

On or about November 27, Ms. Chic Ortiz was detained by Immigration and Customs Enforcement ("ICE") officers after she fully complied with an identification inquiry conducted by the Oklahoma Department of Public Safety. *Id.* at 4. The Department of Public Safety had previously notified Ms. Chic Ortiz, in writing, that additional documentation was needed to complete her state identification card application. *Id.* Ms. Chic Ortiz promptly appeared and

cooperated with the authorities and was permitted to leave. *Id.* Shortly thereafter, ICE officers stopped Ms. Chic Ortiz while she was driving with her niece and arrested her without presenting a warrant or explaining the legal basis for the detention. *Id.* Ms. Chic Ortiz is being detained at the Otero County Processing Center in New Mexico. *Id.* at 1.

Ms. Chic Ortiz claims her detention is governed by 8 U.S.C. § 1226(a) and that she is therefore entitled to an individualized bond hearing. Doc. 4 at 5. The Government claims that Ms. Chic Ortiz "is properly classified under § 1225" and therefore "there has been no violation of the" Immigration and Nationality Act ("INA").

## II.     *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    *Analysis*

For the reasons below, the Court finds that (A) § 1226 governs Ms. Chic Ortiz's detention, and (B) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Ms. Chic Ortiz's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and

detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *see also Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.); *Patel v. Noem*, 2026 WL 103163, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States" (emphasis added). In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Ms. Chic Ortiz's detention. ICE arrested her 16 years after her initial entry into the United States and did not apprehend her at or near the border. Doc. 1 at 4–5. Accordingly, § 1225's mandatory detention provision "does not apply" because she effected an entry into the United States by living here for over a decade. *Pu Sacvin*, 2025 WL 3187432, at *3.

  B. *The remedy is a bond hearing where the Government bears the burden of proof.*

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Ms. Chic Ortiz is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Ms. Chic Ortiz's "unlawful detention...shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

IV. Conclusion

  The Court therefore grants Ms. Chic Ortiz's petition, Doc. 1. Because the Court has resolved the petition on statutory grounds, it need not address Ms. Chic Ortiz's class action claim. The Court orders that the Government provide her with a bond hearing under § 1226(a) before an Immigration Judge within seven days of this Order. At that hearing, the Government must justify her continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release her. The Court further orders the Government to file a status report within ten days of this Order confirming that it has either provided Ms. Chic Ortiz with a bond hearing or released her.

  IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.